IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **HOWARD T. TYSON SR.,** | * | |
| **Plaintiff,** | * | |
| v. | * | Civ. No. DLB-25-1794 |
| **CAPITAL ONE, N.A.,** | * | |
| **Defendant.** | * | |

**MEMORANDUM OPINION**

Howard Tyson Sr., who is proceeding without counsel, brings a Fair Credit Reporting Act ("FCRA") claim and several state law claims seeking damages against Capital One, N.A. ("Capital One"). Capital One filed a motion to dismiss. Because Tyson fails to state an FCRA claim against Capital One, the motion to dismiss is granted in part, and his state law claims are remanded to the District Court for Prince George's County.

**I.      Background**

The following allegations are from Tyson's complaint.

Tyson alleges that Capital One has violated the FCRA since 2016. ECF 2, at 1. He claims that he was "denied a loan by Bank of America after finding out that [his] credit score had fallen to 548." *Id.* Tyson alleges that Capital One caused his credit score to decrease by using its credit monitoring tool, CreditWise, to check Tyson's credit monthly "without [his] permission." *Id.* at 2. Tyson also claims that Capital One "compulsive[ly] . . . contact[ed] TransUnion," which caused Tyson's credit score to "shrink[ ]" by "25 to over 60 points a month." *Id.* at 2–3. Finally, Tyson

alleges that Capital One continues to report a paid-off financing arrangement for his 2015 purchase of a vehicle and a credit card the bank "[lied] about giving [him]." *Id.* at 4–5.

Tyson filed a complaint against Capital One on June 6, 2025, asserting that Capital One committed: "1. Fraud, 2. Harassment, 3. Prejudice, 4. Obstinate behavior, 5. Criminality with malice, 6. Defiant aggression, 7. Showing compulsive habits towards a consumer, 8. Heinous acts of violating the rights of a consumer, 9. Prejudice against consumer, 10. Using defiant aggression, [ ] 11. In violation of the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681," and "12. Defamation." *Id.* at 8 (cleaned up).

Capital One filed a motion to dismiss. ECF 8. Tyson filed an opposition, ECF 17, and Capital One filed a reply, ECF 20. Tyson filed a motion for sanctions, ECF 19, and a motion seeking leave to file a surreply, ECF 24. Capital One filed an opposition to Tyson's motion for sanctions. ECF 21. No hearing on the motions is necessary. *See* Loc. R. 105.6 (D. Md. 2025).

**II.    Standard of Review**

Capital One seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6), a party may seek dismissal for failure "to state a claim upon which relief can be granted." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290 (4th Cir. 2021) (quoting Fed. R. Civ. P. 12(b)(6)). To survive the challenge, the opposing party must have pleaded facts demonstrating it has a plausible right to relief from the Court. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plausible claim is more than merely conceivable or speculative. *See Holloway v. Maryland*, 32 F.4th 293, 299 (4th Cir. 2022). The allegations must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678). But the claim does not need to be probable, and the pleader need not show

"that alternative explanations are less likely" than their theory. *Jesus Christ Is the Answer Ministries, Inc. v. Baltimore Cnty.*, 915 F.3d 256, 263 (4th Cir. 2019) (quoting *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015)).

When ruling on a Rule 12(b)(6) motion, the Court must accept the allegations as true and draw all reasonable inferences in favor of the pleader. *Williams v. Kincaid*, 45 F.4th 759, 765, 777 (4th Cir. 2022). But the Court does not accept "legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022) (quoting *United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013)). Merely reciting a claim's elements "and supporting them by conclusory statements does not meet the required standard." *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021) (quoting *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 212 (4th Cir. 2019)). The Court "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)).

Complaints drafted by self-represented plaintiffs like Tyson "are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe pro se pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020). But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff[;]'" the Court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a pro se complaint "still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. Salvation Army S. Territory*,

3

841 F.3d 632, 637 (4th Cir. 2016) (quoting *King v. Rubenstein*, 825 F.3d 206, 212, 214 (4th Cir. 2016)).

### III. Discussion

#### A. FCRA Claim

Tyson alleges that Capital One "deliberately [sic] provid[ed] inaccurate and outdated information to" a credit reporting agency ("CRA" or "agency"). ECF 2, at 8. Specifically, Tyson alleges Capital One continues to report a paid-off financing arrangement for his 2015 purchase of a vehicle and a credit card the bank "[lied] about giving [him]." *Id.* at 4–5. Capital One argues that Tyson fails to state an FCRA claim under 15 U.S.C. § 1681s-2(b). ECF 20, at 4–6.[1]

Under § 1681s-2(b), if a consumer notifies a CRA that they dispute the completeness or accuracy of particular information and the agency notifies the person who furnished the information that the consumer disputes the information, the furnisher must investigate the claim, report the results of the investigation to the agency, notify any other credit reporting agencies to which the furnisher had provided that information of the incompleteness or inaccuracy, and revise the information accordingly. *See* 15 U.S.C. § 1681s-2(b). To state a claim under § 1681s-2(b), a plaintiff must plead "(1) that [they] notified the CRAs of the disputed information; (2) that the CRAs notified [the defendant] of the dispute; and (3) that [the defendant] then failed to investigate and modify the inaccurate information." *Davenport v. Sallie Mae, Inc.*, 124 F. Supp. 3d 574, 581 (D. Md.), *aff'd*, 623 F. App'x 94 (4th Cir. 2015). The plaintiff also must plead facts sufficient to

---

[1] Tyson states that Capital One violated the FCRA, but he does not specify a subparagraph in his complaint. Capital One's discussion of § 1681s-2(b) is logical because § 1681s-2 is the only FCRA provision that deals with the obligations of entities that furnish information to CRAs and "[t]here is no private right of action under § 1681s-2(a)." *Lovegrove v. Ocwen Home Loans Servicing, L.L.C.*, 666 F. App'x 308, 313 (4th Cir. 2016) (citing 15 U.S.C. § 1681s-2(c), (d); *Saunders v. Branch Banking & Tr. Co.*, 526 F.3d 142, 149 (4th Cir. 2008)). The Court likewise construes Tyson's complaint to present a claim under § 1681s-2(b).

make it plausible that the defendant acted willfully, *see* 15 U.S.C. § 1681n, or negligently, *see id.* § 1681o.

Tyson does not plausibly state an FCRA claim. He does not allege he notified any CRA of the dispute or that Capital One was notified by a CRA of the dispute. Thus, while Capital One knew of the dispute because of Tyson's filings in this Court, Tyson has not alleged that he provided notice to Capital One through a CRA. Without that allegation, Tyson cannot state an FCRA claim. *See Davenport*, 124 F. Supp. 3d at 581. Additionally, Tyson has not alleged that Capital One failed to investigate the information at issue in the dispute. For this reason, too, Tyson fails to state an FCRA claim. *See id.* Tyson's FCRA claim is dismissed without prejudice.

### B. State Law Claims

Tyson brings several other claims against Capital One: "1. Fraud, 2. Harassment, 3. Prejudice, 4. Obstinate behavior, 5. Criminality with malice, 6. Defiant aggression, 7. Showing compulsive habits towards a consumer, 8. Heinous acts of violating the rights of a consumer, 9. Prejudice against consumer, 10. Using defiant aggression," and "12. Defamation." ECF 2, at 8 (cleaned up). The Court construes these as state law claims arising under Maryland law.

Under 28 U.S.C. § 1367(c)(3), "district courts may decline to exercise supplemental jurisdiction over a claim . . . [where] the district court has dismissed all claims over which it has original jurisdiction." Whether to exercise supplemental jurisdiction over a claim for which the court does not have original jurisdiction—or, in a removed case, to remand it—is within the court's discretion. *See Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 617–18 (4th Cir. 2001). In the exercise of this discretion, courts focus on "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). "[I]n the usual case in

which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* at 350 n.7.

This is the "usual case." *Id.* The Court has dismissed Tyson's FCRA claim—the only claim over which it has original jurisdiction. *See* 28 U.S.C. §§ 1331, 1332(a)(1) (providing that federal district courts have jurisdiction to hear only "civil actions arising under the Constitution, laws, or treaties of the United States" and "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States"); ECF 2, at 1 (seeking damages of $5,000 as "principal" and $10,000 as "the full amount"). Because the remaining claims sound in state law alone, a state court is better suited to hear them. Exercising supplemental jurisdiction would undermine, rather than promote, judicial economy, comity, and fairness to the parties. The Court thus declines to exercise supplemental jurisdiction over Tyson's state law claims and remands them to the District Court of Maryland for Prince George's County.

### C. Motion for Leave to File Surreply

Finally, Tyson filed a motion for leave to file a surreply. ECF 24. Surreplies are "generally disfavored." *EEOC v. Freeman*, 961 F. Supp. 2d 783, 801 (D. Md. 2013), *aff'd in part on other grounds*, 778 F.3d 463 (4th Cir. 2015). A court may permit a surreply when a movant raises an issue for the first time in their reply. *See Courtney-Pope v. Bd. of Educ.*, 304 F. Supp. 3d 480, 485 (D. Md. 2018). Because Tyson's proposed surreply does not contest matters presented for the first time in Capital One's reply, the Court denies Tyson's motion for leave to file a surreply.

## IV. Conclusion

For the foregoing reasons, Capital One's motion to dismiss is granted as to Tyson's FCRA claim. Tyson's remaining state law claims are remanded to the District Court for Prince George's

County. Tyson's motion for leave to file a surreply is denied. Tyson's motion for sanctions remains pending for the state court to resolve. A separate Order follows.

Date: November 13, 2025

_____
Deborah L. Boardman
United States District Judge